[Crim. No. 12040.   In Bank.   Feb. 20, 1969.]

In re DOVIE CARL MATHIS on Habeas Corpus.

Robert C. Herr, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and Robert R. Granucci, Deputy Attorney General, for Respondent.

MOSK, J.—In this habeas corpus application, petitioner Dovie Carl Mathis, presently under sentence of death after conviction of first degree murder (*People* v. *Mathis* (1965) 63 Cal.2d 416 [46 Cal.Rptr. 785, 406 P.2d 65]), contends that

under the rule of *Witherspoon* v. *Illinois* (1968) 391 U.S. 510 [20 L.Ed.2d 776, 88 S.Ct. 1770], the trial court erroneously excused for cause certain veniremen who were conscientiously opposed to the death penalty. The *voir dire* examination of prospective jurors discloses such error to have occurred. Accordingly, under compulsion of *Witherspoon* the judgment must be reversed insofar as it relates to penalty.

Of the 75 veniremen examined on *voir dire,* some two dozen were excused for cause on account of their attitude toward capital punishment. The trial court asked the veniremen initially seated in the jury box whether they "entertain[ed] any conscientious objection to the imposition of the death penalty in a proper case?" Two prospective jurors who so indicated were dismissed for cause without further examination. The court asked the next two veniremen if there was any reason why they could not serve as fair jurors. One replied, "I object to the death penalty," and the other interjected, "me too," whereupon both were dismissed for cause. The trial court elicited the views of subsequent veniremen by asking each in turn whether he could serve as a fair juror. Veniremen voicing any objection to the death penalty were promptly excused for cause. In most instances these veniremen were not afforded an opportunity to explain their individual attitudes toward the death penalty.

We do not criticize the *voir dire* examination as conducted herein, for this jury was selected long before *Witherspoon* was decided. It is plain, however, that many veniremen were excluded for cause who voiced no more than a general objection to capital punishment. Such a broad standard of exclusion does not comport with *Witherspoon*: "Specifically, we hold that a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty. . . ." (391 U.S. at pp. 521-522 [20 L.Ed.2d at pp. 784-785].) The *voir dire* examination, as conducted, did not, indeed could not, differentiate between those who "would automatically vote against the imposition of capital punishment no matter what the trial might reveal" (*id.* at p. 516, fn. 9 [20 L.Ed.2d at p. 781]) and those who " 'could, notwithstanding their conscientious scruples [against capital punishment], return . . . [a] verdict [of death] and . . . make their scruples subservient to their duty as jurors.' " (*Ibid.*)

The remaining contentions raised by petitioner have been

rejected by us in *In re Anderson* (1968) 69 Cal.2d 613 [73 Cal.Rptr. 21. 447 P.2d 117]. In the light of that decision (*id.* at pp. 632-634), petitioner's claim of lack of counsel in post-conviction proceedings is moot.

The writ is granted as to the penalty trial. The remittitur issued in Crim. 8143, *People* v. *Mathis,* is recalled and the judgment imposing the death penalty is reversed insofar as it relates to penalty. In all other respects the judgment is affirmed.

Traynor, C. J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

McCOMB, J.—I would deny the writ and affirm the judgment in its entirety.