[Crim. No. 15229. In Bank. Feb. 8, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
DOVIE CARL MATHIS, Defendant and Appellant.

**COUNSEL**

Robert C. Herr, under appointment by the Supreme Court, for Defendant
and Appellant.

Evelle J. Younger, Attorney General, Edward P. O'Brien and Karl S.
Mayer, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Dovie Carl Mathis was convicted of first degree murder and first degree robbery, and on the murder count his penalty was fixed at death. The judgment was affirmed. (*People* v. *Mathis* (1965) 63 Cal.2d 416 [46 Cal.Rptr. 785, 406 P.2d 65].) Thereafter, under compulsion of *Witherspoon* v. *Illinois* (1968) 391 U.S. 510 [20 L.Ed.2d 776, 88 S.Ct. 1770], the judgment was reversed insofar as it imposed the death penalty and was affirmed in all other respects. (*In re Mathis* (1969) 70 Cal.2d 467 [74 Cal.Rptr. 914, 450 P.2d 290].) Upon retrial of the penalty issue defendant's punishment was again fixed at death, and his automatic appeal is now before us. (Pen. Code, § 1239, subd. (b).)

In *People* v. *Anderson* (1972) 6 Cal.3d 628 [100 Cal.Rptr. 152, 493 P.2d 880], we held that the death penalty violated our state constitutional prohibition against cruel or unusual punishment. (Cal. Const., art. I, § 6.)[1] And in *Furman* v. *Georgia* (1972) 408 U.S. 238 [33 L.Ed.2d 346, 92 S.Ct. 2726], the United States Supreme Court ruled that imposition of the death penalty in these circumstances contravened the federal Constitution. As defendant's death penalty must therefore be set aside, it is unnecessary to consider the claims of error arising out of his second penalty trial.

In response to an inquiry by this court, counsel for defendant reviewed the record of the guilt phase of the trial and advised us there are no tenable grounds for attacking the judgment of guilt at this time. (See *People* v. *Ketchel* (1966) 63 Cal.2d 859, 866 [48 Cal.Rptr. 614, 409 P.2d 694].)

The judgment, insofar as it provides for the penalty of death, is modified to provide a punishment of life imprisonment and as so modified is affirmed.

**McCOMB, J.**—For the reasons expressed in my dissenting opinion in *People* v. *Anderson,* 6 Cal.3d 628, 657 [100 Cal.Rptr. 152, 493 P.2d 880], I dissent from the modification of the judgment to provide a punishment of life imprisonment instead of death for first degree murder. (See Cal. Const., art. I, § 27.)

---

[1]For the effect of article I, section 27, of the California Constitution on this issue, see *People* v. *Murphy* (1972) *ante,* pages 349, 352, footnote 2 [105 Cal.Rptr. 138, 503 P.2d 594].